## OHIO CASUALTY INSURANCE COMPANY, Plaintiff and Respondent,

v.

## Barbara BRUNDAGE and Allstate Insurance Company, Ray .H. Ivie and J. Rulon Morgan, Defendants and Appellants.

### No. 18288.

Supreme Court of Utah.

Nov. 9, 1983.

L. Rich Humphreys, Salt Lake City, for Allstate.

Ray Phillips Ivie, Provo, for defendants and appellants.

Taylor D. Carr, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

Allstate Insurance Company (Allstate) appeals from a judgment ordering arbitration of Ohio Casualty Insurance Company's (Ohio Casualty) reimbursement claim against it and dismissing Allstate's claim for indemnification. We affirm.

In May 1976, Barbara Brundage was injured in an automobile collision with Jacqueline Kernan. Ohio Casualty was Brundage's no-fault insurer and paid her $8,313.80 in personal injury protection (PIP) benefits. Allstate was Kernan's liability insurer. Ohio Casualty promptly notified Allstate that it had a subrogated interest in the PIP benefits paid to Brundage and demanded

return of them under U.C.A., 1953, § 31–41–11, which describes subrogation rights and arbitration between insurers. Because Allstate refused to settle, a formal demand for arbitration was made by Ohio Casualty.

Brundage had meanwhile sued Kernan, and a jury awarded her $27,000. Of this amount, $8,228.84 was for special damages, the same damages that Brundage had already been compensated for by Ohio Casualty's PIP payment. The court reduced the overall judgment by the percentage of comparative negligence assigned to Brundage by the jury. No deduction, however, was made for the PIP payments Brundage had already received from Ohio Casualty. Although he was aware of Ohio Casualty's pending demand for arbitration, the trial attorney[1] for Allstate and Kernan nevertheless joined in a motion by Brundage's attorneys to have the entire remaining judgment, including the money representing Ohio Casualty's PIP payment, paid directly to Brundage and her attorneys. The court so ordered in its judgment, which was paid.

When Ohio Casualty again demanded reimbursement of the PIP payment after the trial, Allstate denied liability on the ground that it had paid the judgment in full to Brundage. Ohio Casualty then sued Brundage, her attorneys and Allstate for reimbursement of the PIP payment. Allstate was at first dismissed from this suit, but the judgment of dismissal was vacated in light of *Allstate Insurance Company v. Ivie,* Utah, 606 P.2d 1197 (1980), which made clear that U.C.A., 1953, § 31–41–11, "grants the no-fault insurer a limited, equitable right to seek reimbursement in arbitration proceeding[s] against the liability insurer." *Id.* at 1202. Allstate then filed a cross-claim against Brundage and her attorneys. The district court dismissed all claims against Brundage and her attorneys and ordered Allstate to arbitrate Ohio Casualty's claim for the PIP payments.

In its cross-claim against Brundage, Allstate essentially sought to disturb that part of the judgment in the Brundage tort suit which awarded her the special damages she had already received in the form of Ohio Casualty's PIP payment. It is true that Brundage should not have received a double recovery. *See id.* at 1200–1201. However, the proper procedure to remedy that error was described in *Laub v. South Central Utah Telephone,* Utah, 657 P.2d 1304 (1982):

> [I]f a plaintiff does improperly plead for previously compensated damages and they are allowed to be included in the judgment, the court should, at the conclusion of the trial, either on its own initiative or on motion of a party, reduce the judgment by the amount of those previously compensated damages, and thereby prevent double recovery.

*Id.* at 1307. Far from attempting to remedy the error at trial, Allstate's attorney in effect asked the court to order a double recovery when it joined Brundage's motion to have the entire amount of the jury's verdict, including the sum representing the PIP payment, paid directly to her. Allstate's attorney joined this motion even though Allstate had long been aware of Ohio Casualty's claim for reimbursement and also knew that Ohio Casualty had made a formal demand on Allstate for arbitration of the claim.

The judgment in the Brundage tort suit is now final. The time for amending the judgment or for filing an appeal in that case has long since passed, and Allstate has already approved and satisfied the judgment. *See Laub, supra.* As that judgment is final, it is not now subject to collateral attack by one who was represented in the lawsuit and who acquiesced in the entry of judgment.

The judgment of the district court ordering Allstate to arbitrate Ohio Casualty's claim against it and dismissing all claims against Brundage and her attorneys is affirmed.

HALL, C.J., and OAKS, STEWART and HOWE, JJ., concur.

---

1. New counsel represents Allstate on this appeal.